UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH )<br>1155 15th Street, NW )<br>Suite 900 )<br>Washington, D.C. 20005 )<br>       )<br>        Plaintiff, )<br>    v.    ) <br>       )<br>UNITED STATES DEPARTMENT OF )<br>THE TREASURY )<br>1500 Pennsylvania Avenue, NW )<br>Washington, D.C. 20220 )<br>       )<br>        Defendant. ) | C.A. No. 18-3000 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff INSTITUTE FOR ENERGY RESEARCH ("IER") for its complaint against Defendant UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury" or "the Department"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under one FOIA request for certain described agency records, to which request defendant has not provided any of the statutorily required responses and therefore has denied.

2) The records requested would illuminate the public as to Treasury Department attentiveness or lack thereof to congressional investigations into, reports on and requests for information regarding support by foreign entities for domestic environmentalist

1

pressure groups, and other efforts to influence U.S. energy or environment policy, which activity has emerged in recent years, particularly in recent months, and even this week.

3) As IER noted in its request, the subject matter at the heart of this request is of increasing public interest, specifically the relationship between U.S.-based environmentalist pressure groups' advocacy work to influence U.S. environmental and resource policy, these groups' relationships with foreign entities, and any implications thereof. The widespread media and public interest and congressional investigations are the basis for one of IER's requests in the alternative for fee waiver, both of which Treasury ignored.

4) Treasury has failed to provide plaintiff with the requisite records or determination affirming the Department's processing of plaintiff's request by, e.g., providing an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i), as also articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). Under *CREW*, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days.

5) Treasury took for itself a 10-day extension, which also passed still without any response.

6) Treasury also failed to grant or respond in any way to IER's requests for fee waiver.

7) On December 13, 2018, IER contacted Treasury pursuant to the department's suggestion for obtaining a request's status, set forth in its acknowledgement letter. IER again specifically requested a *CREW* response. Treasury offered only an automated reply.

8) Defendant Treasury's failure to respond has constructively exhausted all of plaintiff's administrative remedies leaving plaintiff no choice but to file this lawsuit to compel Treasury to comply with the law with regard to release of agency records.

## PARTIES

9) Plaintiff IER is a non-profit public policy institute in Washington, D.C. organized under section 501(c)3 of the tax code, with research, publication and other media functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

10) Defendant Treasury Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

11) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant Treasury is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

13) On October 23, 2018, plaintiff sent a FOIA request to Treasury by confirmed fax transmission at (202) 622-3895, requesting correspondence to or from specified current or former officials holding the position of Director or Acting Director, Office of

Environment and Energy, within Treasury's International Affairs Office. The request was broken into three parts, each covering different periods of time and addressing oversight work by the U.S. House of Representatives to which Treasury has provided Congress no response; a specific oversight effort by the United States Senate; and certain keywords relating to environmental issues and foreign efforts to influence U.S. policy.

14) IER's request was specific and clearly defined, requiring no subjective analysis and allowing for ready assessment of the population of potentially responsive records.

15) Plaintiff further narrowed its request to exclude as non-responsive correspondence that merely forwards press clippings, such as news accounts or opinion pieces.

16) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

17) U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester

4

issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither applies here as Treasury did not seek additional information from plaintiff regarding the request at issue in this suit.

18) Treasury instead took "an additional processing extension of (10) days …to process [IER's] request".

19) Treasury owed IER a response by November 20, 2018. A ten-day extension brought that date for a response to December 5, 2018. Treasury still has not yet provided any response and did not respond to plaintiff's inquiry for a status update.

20) Further, Treasury did not acknowledge let alone provide a determination on plaintiff's requests in the alternative for fee waiver.

21) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

22) Treasury is now past its statutory period for issuing such determinations on the above-described request, and the ten-day extension it granted itself, without providing any substantive response to plaintiff's request or even any determination on fee waiver.

23) Defendant Treasury is thereby improperly denying plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

24) Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26) Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

27) Plaintiff is not required to further pursue administrative remedies.

28) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Treasury failed to provide them;

   b. Treasury's response to plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy Treasury's obligations under FOIA;

   c. Treasury must now produce records responsive to plaintiff's request.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29) Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30) Plaintiff is entitled to injunctive relief compelling Treasury to produce the responsive records.

31) Plaintiff asks the Court to enter an injunction ordering Treasury to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto.

32) Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs challenges to defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

33) Plaintiff re-allege paragraphs 1-32 as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 19th day of December, 2018,

By Counsel:

_____/s/_____
Christopher C. Horner
for GOVERNMENT ACCOUNTABILITY
    & OVERSIGHT, P.C.
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

ATTORNEY FOR Plaintiff